UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DERRICK SCOTT                                            CIVIL ACTION

VERSUS

LOUISIANA STATE                             NO.:15-00063-BAJ-SCR
PENITENTIARY, ANGOLA

## ORDER

On February 5, 2015, *pro se* Plaintiff Derrick Scott ("Plaintiff"), an inmate confined at the Louisiana State Penitentiary ("LSP") in Angola, Louisiana, filed a Motion for TRO and Mandatory Injunction. (Doc. 1). Plaintiff's chief complaint is that legal mail was not being appropriately and timely collected and distributed from inmates in cell block D, where he was housed. (*Id.*). Plaintiff's filing did not include a complaint in conjunction with his Motion for TRO. Accordingly, on February 9, 2015, the Court mailed Plaintiff a Deficiency Notice, which informed Plaintiff that the Clerk of Court received his filing, but it was deficient for failure to include a complaint. (Doc. 3). Plaintiff was further informed that failure to correct the deficiency would result in dismissal of his suit. (*Id.*). A copy of the approved complaint form was enclosed with the letter. (*Id.*).

On February 26, 2015, the Magistrate Judge issued a Report and Recommendation ("Report"), which recommended that Plaintiff's action be dismissed without prejudice for failure to correct the deficiency in the pleadings. (Doc. 4 at p. 3). The Report specifically notified Plaintiff that, pursuant to 28

U.S.C. § 636(b)(1), he had fourteen (14) days from the date he received the Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. (Doc. 40 at p. 1). A review of the record indicates that Plaintiff has not filed any objections to date.

Nevertheless, given the nature of Plaintiff's claims, the Court set the matter for a status conference to ascertain whether Plaintiff's access to the court had improved. (Docs. 5, 6).

On April 14, 2015, a status conference was held on the record in this matter, in which Plaintiff appeared via video from LSP. (Doc. 10). Because Defendant LSP had not yet been served in this matter, there was no representative present on Defendant's behalf. At the hearing, Plaintiff stated that he never received the Notice of Deficiency, or even notice of the hearing currently taking place. Based upon Plaintiff's representations, the Court extended the deadline for Plaintiff to correct the deficiency complained of in the Notice of Deficiency, or to show cause, in writing, why this matter should not be dismissed for failure to correct the deficiency. The deadline set was May 11, 2015. The Court then informed Plaintiff, in an abundance of caution, that all of the aforementioned documents would be resent to Plaintiff.

To date, Plaintiff has not filed any objections to the Magistrate Judge's Report, nor corrected the deficiency complained of in the Notice of Deficiency. Accordingly, the Court is compelled to **DISMISS** this action without prejudice for

failure to prosecute, and failure to comply with this Court's directive memorialized in the minute entry at Record Document 10.[1]

Baton Rouge, Louisiana, this 20th day of May, 2015.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[1] Notably, Rule 65 of the Federal Rules of Civil Procedure permits the issuance of a temporary restraining order without written or oral notice to the adverse party or its attorney *only if*:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1) (emphasis added). Similarly, the Court may issue a preliminary injunction "only on notice to the adverse party." Fed. R. Civ. P. 65(a). Quite simply, Plaintiff has failed to comply with either provision. Indeed, on the record at Plaintiff's status conference, the Court noted that because Plaintiff had no active cases pending in the Middle District of Louisiana except the instant motions, no irreparable harm would result in putting off the matter and providing Plaintiff with an opportunity to correct the deficiency. Thus, absent evidence of notice to Defendant or a showing by Plaintiff that he attempted to provide notice but was unable to do so, the Court currently does not have the ability to act on Plaintiff's Motion for a TRO or Preliminary Injunction.